IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


JUSTIN ALI DOROBATI                                                                    PETITIONER

v.                                    Civil No. 05-3005

LARRY NORRIS, Director,
Arkansas Department of Correction                                                    RESPONDENT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Justin Ali Dorobati, an inmate in the Arkansas Department of Correction (ADC), brings this self-prepared habeas corpus petition under 28 U.S.C. § 2254. Respondent Norris has filed a response, moving to dismiss the petition as barred by the doctrine of procedural default. I directed Dorobati to complete and forward a questionnaire as his response to the motion to dismiss. He failed to do so.

In September 2003, Dorobati pled guilty in Searcy County case No. 2003-26 to the reduced charge of first degree criminal mischief and given a 3-year suspended sentence. The judgment and commitment order was filed on October 21, 2003. The suspended sentence was revoked in 2004 based on Dorobati's failure to report an arrest and his commission of new felonies. He was sentenced to 48 months in the ADC. In a separate Searcy County Circuit Court case, No. 2004-81, Dorobati pled guilty to first degree criminal mischief and was sentenced to 48 months with the sentence to run concurrent to that in No. 2003-26. The judgment and commitment order was filed on November 23, 2004.

In this action, Dorobati claims that he received ineffective assistance of counsel during the plea process. Respondent Norris claims that Dorobati failed to file a post-conviction petition to

present his claims at the state level and, thus, his claims are subject to dismissal under the doctrine of procedural default.

Where a defendant has procedurally defaulted a claim by failing to raise it at the state court level, the claim may not be heard in a federal habeas corpus proceeding unless the defendant shows "cause" for the default" and actual "prejudice" or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986). "Cause" for a default is generally shown where some "objective factor external to the defense" prevent the defendant from presenting the claim. *Id.* at 488. Lack of education and pro se status do not constitute cause for procedural default. *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Further, an assertion of "actual innocence" must be supported with new reliable evidence. *See Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir), *cert. denied*, 117 S.Ct. 403 (1996).

Dorobati had 90 days from entry of judgment in the criminal cases within which to file post-conviction petitions under Rule 37 of the Arkansas Rules of Criminal Procedure. Ark. R. Crim. P. 37.2(c). He failed to do so. As such, he procedurally defaulted state court remedies and must show cause and default for the omission.

In his petition, Dorobati offers that he did not know "how or when" to present any state claims. (Petition, at 6). As stated above, lack of knowledge of legal remedies based on pro se status is not "cause" for default. Further, Dorobati did not respond to my order to complete and forward a questionnaire concerning his failure to pursue state post-conviction remedies. I find that Dorobati procedurally defaulted his claims at the state level and has not shown cause for the default and resulting prejudice. Further, Dorobati has not asserted or made any showing of "actual innocence."

Based on the above, I recommend that the instant petition be dismissed with prejudice for procedural default of state remedies.  **The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be timely and specific to trigger *de novo* review by the district court.**

DATED this 28th day of December 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE